UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM WALLERSTEIN,<br><br>             Plaintiff,<br><br>    v.<br><br>FCA US LLC, et al.,<br><br>             Defendants. | Case No. 2:19-cv-06520-FLA (MRWx)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [DKT. 97]** |

### **RULING**

Before the court is Plaintiff Tom Wallerstein's ("Plaintiff" or "Wallerstein") Motion for Attorney's Fees ("Motion"). Dkt. 98 ("Not. Mot."), Dkt. 97 ("Mot. Br."). Defendant FCA US LLC ("Defendant" or "FCA") opposes the Motion. Dkt. 101 ("Opp'n"). On February 2, 2022, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for February 11, 2022. Dkt. 102; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS the Motion in part and AWARDS Plaintiff attorney's fees of $30,098.

/ / /

/ / /

1

**BACKGROUND**

On June 11, 2019, Plaintiff filed the Complaint in the Los Angeles County Superior Court, asserting claims for violation of the California Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790, et seq.). Dkt. 1-1. On July 26, 2019, Defendant removed the action to this court. Dkt. 1.

On July 28, 2020, Defendant extended to Plaintiff an Amended Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68 ("Rule 68 Offer"), which Plaintiff accepted that same day. Dkt. 48. The Rule 68 Offer stated, in relevant part:

> A judgment in favor of Plaintiff … and against FCA US in the sum of $70,000.00 as the total amount to be paid by FCA US on account of any liability claimed in this action, which shall include the payment of any outstanding obligation on the subject vehicle, with return of the subject vehicle by Plaintiff to FCA US. Payment will be made in no less than ninety days from acceptance of this Offer. In addition, FCA US offers to pay a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time reasonably incurred in connection with the commencement and prosecution of this action pursuant to Civil Code Section 1794(d), to be determined by the Court if the parties cannot agree.

*Id.* at 2.

On January 25, 2021, Plaintiff filed an Ex Parte Application to Enforce Rule 68 Judgment ("Ex Parte Application to Enforce"), arguing Defendant was in breach of the Rule 68 Offer because FCA had failed to pay the settlement amount within 90 days of Plaintiff's acceptance. Dkt. 32. The court denied the Ex Parte Application on January 29, 2021, for failure to demonstrate the need for ex parte relief and ordered the parties to meet and confer regarding Plaintiff's surrender of the vehicle and Defendant's delivery of the settlement check. Dkt. 37. A status conference was held on March 12, 2021, at which time the parties made clear Defendant had not made payment of the settlement amount and the parties could not come to agreement regarding the delivery of the subject vehicle. After Plaintiff stated to the court that he did not intend to proceed with the settlement, the court reset the matter for trial. Dkt.

44. The court subsequently denied Defendant's attempt to enforce the Rule 68 Offer, finding there was no actual meeting of the minds between the parties regarding the terms of payment and no enforceable agreement. Dkt. 52 at 2.

On May 27, 2021, the court referred the parties to Magistrate Judge Michael Wilner for a settlement conference. Dkt. 66. On June 25, 2021, the parties filed a Stipulation re: Rule 68 Offer ("Rule 68 Stipulation"), in which the parties stipulated and agreed that: (1) the Rule 68 Offer was enforceable, (2) Plaintiff would return and surrender the subject vehicle to a FCA-authorized dealership at a mutually agreeable date and time, (3) Plaintiff would provide the necessary documents to effectuate a transfer of title, prior to the surrender, (4) FCA would make payment within 60 days of the date of the stipulation, on the condition that the subject vehicle was surrendered and title transferred to FCA, and (5) Plaintiff understood FCA would comply with applicable tax laws and issue any necessary tax forms for payments exceeding the restitution value of the subject vehicle. Dkt. 87.

Plaintiff now moves for attorney's fees pursuant to the Rule 68 Offer, in the total amount of $170,359.70. Mot. Br. at 6. Defendant opposes the Motion with respect to the amount of fees requested. Opp'n.

## **DISCUSSION**

I.  **Legal Standard**

Pursuant to California Civil Code § 1794(d) ("Section 1794(d)"), a prevailing buyer may "recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

"A trial court assessing attorney['s] fees begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case." *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1321 (2008) (quotation marks omitted).

"[T]he lodestar amount is calculated by multiplying "the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (emphasis in original). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The court may then increase or decrease the lodestar amount by considering factors including the time and labor required; the novelty and difficulty of the questions involved; the skill needed to perform the legal service properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee, whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorney; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

## II. Analysis

### A. Reasonable Hourly Rate

Plaintiff requests an hourly rate of $675 for the legal services performed by attorney Jim O. Whitworth ("Whitworth") in this matter. Dkt. 97-13 (Whitworth Decl. Ex. L). Plaintiff contends this hourly rate is appropriate given the complexity of the work performed. Mot. Br. at 16. The court disagrees.

This action was a standard "lemon law" action, which did not involve any particularly novel or difficult questions of law. A review of Plaintiff's papers clearly demonstrate that Plaintiff's counsel uses form templates to deal with lemon law actions, including for the subject Motion. *See* Dkt. 97-1 (Whitworth Decl.) ¶ 20 (stating Whitworth supervises all attorneys that contract to assist in an action, despite not submitting billing records for any such attorneys).

In these circumstances, the court finds a reasonable hourly rate for Whitworth is $500. *See* Dkt. 97-19 (2019 order finding $500 "to be on the high end, but still within the reasonable hourly billing rate in the community" for lemon law actions). Plaintiff's requested hourly rate of $165 for services performed by a paralegal is reasonable.

### B. Hours Reasonably Expended on the Litigation

Plaintiff requests attorney's fees for 247.1 hours by Whitworth and 18.9 hours of services performed by his paralegal. Dkt. 97-13 (Whitworth Decl. Ex. L). The amount of hours claimed is unreasonable.

First, the court finds that all the legal services claimed related to completion of the settlement from July 27, 2020, when Plaintiff accepted the Rule 68 Offer (Dkt. 48), until June 25, 2021, when the parties submitted the Rule 68 Stipulation—aside from the time spent in preparing for and attending the mediation before Magistrate Judge Wilner (Dkt. 79)—were unreasonable. Plaintiff contends Defendant acted unreasonably by refusing to pay the settlement funds timely and by issuing an IRS Form 1099. Mot. Br. at 10. However, it is undisputed Plaintiff refused to deliver the subject vehicle before receiving payment. Any dispute between the parties regarding the completion of the settlement should have been resolved through meet and confer between the parties instead of multiple rounds of motion practice, Plaintiff's disavowal of the parties' settlement, the court resetting the matter to trial, and the parties ultimately affirming the Rule 68 Offer after mediation. These attorney's fees were wholly unnecessary and were incurred unreasonably, aside from the fees reasonably incurred in connection with the mediation.

Second, Plaintiff's submitted billing records do not support the attorney's fees sought. Plaintiff requests compensation for services performed by Wallerstein that could have been performed by a paralegal or associate. *See, e.g.*, Dkt. 97-13 at 2 (requesting 0.4 hours to "down load and send for service"). The billing records also include multiple entries that do not identify the legal services performed. *See, e.g., id.*

5

at 4 (requesting 8.0 hours for "work on case" and 11.8 hours for "8:30a to 8:00p minute order"). Furthermore, the time claimed is excessive and unreasonable for an attorney of Wallerstein's stated experience and requested hourly rate. *See, e.g.*, *id.* at 3 (requesting over 9 hours in connection with a joint report), 8 (requesting 9.2 hours for work on a joint report). After reviewing Plaintiff's billing records, the court finds it reasonable and appropriate to REDUCE the time claimed by Whitworth by 60% to account for unnecessary, duplicative, and excessive entries and reflect the time an attorney at a $500 hourly rate would have incurred reasonably to perform these tasks.

Third, Plaintiff requests an additional $8,100, for the time spent in receiving, reviewing, and replying to the Opposition. Mot. Br. at 25. As Plaintiff did not file a reply, the court GRANTS Plaintiff an additional $500, to reflect the time reasonably incurred to review the Opposition and this Order.

In sum, the court finds it appropriate to award Plaintiff $28,580 for the legal services performed by Whitworth and $1,518 for the services performed by his paralegal. This results in total attorney's fees of $30,098, which is the amount of attorney's fees reasonably incurred by Plaintiff in connection with this action—particularly considering that no dispositive motions were filed.

## CONCLUSION

For the aforementioned reasons, the court GRANTS Plaintiff's Motion in part and AWARDS Plaintiff $30,098 in attorney's fees.[1]

IT IS SO ORDERED.

Dated: September 15, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[1] Defendant's evidentiary objections 4 and 5 (Dkt. 101-1) are OVERRULED. The objections are otherwise SUSTAINED.